1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   TONY ASBERRY,                          Civil No.   13cv2573 WQH (RBB)

12   CDCR #P-63853,

                                            **ORDER:**
13                          Plaintiff,

                                            **1) DENYING MOTION TO**
14                                          **PROCEED *IN FORMA PAUPERIS***
                                            **PURSUANT TO 28 U.S.C. § 1915(a)**
15              vs.                         **(ECF Doc. No. 2);**

16                                          **2) DENYING MOTION FOR**
                                            **INJUNCTIVE RELIEF**
17                                          **PURSUANT TO FED.R.CIV.P. 65**
     MATTHEW CATE, et al.,                  **(ECF Doc. No. 3);**
18

19                                          **AND**

20                         Defendants.      **3) DISMISSING CIVIL ACTION**
                                            **WITHOUT PREJUDICE FOR**
21                                          **FAILING TO PAY FILING FEES**
                                            **REQUIRED BY**
22                                          **28 U.S.C. § 1914(a)**

23          Plaintiff, an inmate currently incarcerated at Richard J. Donovan Correctional

24   Facility (RJD) in San Diego, California, and proceeding pro se, has filed a civil rights

25   action pursuant to 42 U.S.C. § 1983.

26          Plaintiff alleges prison officials at RJD have provided him with inadequate

27   medical treatment in violation of the Eighth Amendment since he was transferred there

28   in March 2012. *See* Compl. (ECF Doc. No. 1) at 4-14.  Plaintiff further alleges that he

1  "believes ... RJD officials are [acting in] retaliation" for a previously-filed civil action
2  and "602s." *Id.* at 14. Plaintiff seeks general and punitive damages as well as injunctive
3  relief in the form of a court order directing Defendants to return his wheelchair. *Id.* at
4  17.

5       Plaintiff has not prepaid the $400 filing fee mandated by 28 U.S.C. § 1914(a);[1]
6  instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28
7  U.S.C. § 1915(a) (ECF Doc. No. 2), accompanied by a Motion for Injunctive Relief
8  (ECF Doc. No. 3).

9                                              **I.**

10                        **MOTION TO PROCEED IFP**

11      All parties instituting any civil action, suit or proceeding in a district court of the
12  United States, except an application for writ of habeas corpus, must pay a filing fee of
13  $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay
14  only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See*
15  *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d
16  1176, 1177 (9th Cir. 1999). "Under the PLRA [Prison Litigation Reform Act], all
17  prisoners who file IFP civil actions must pay the full amount of the filing fee," regardless
18  of whether the action is ultimately dismissed for any reason. *See Taylor v. Delatoore*,
19  281 F.3d 844, 847 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(1) & (2)).

20      In order to comply with the PLRA, prisoners seeking leave to proceed IFP must
21  also submit a "certified copy of the trust fund account statement (or institutional
22  equivalent) for the prisoner for the 6-month period immediately preceding the filing of
23  the complaint...." 28 U.S.C. § 1915(a)(2). From the certified trust account statement,
24  the Court assesses an initial payment of 20% of (a) the average monthly deposits in the
25  account for the past six months, or (b) the average monthly balance in the account for the

26  _____

27      [1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1,
    2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a), (b); Judicial
28  Conference Schedule of Fees, District Court Misc. Fee Schedule, eff. May 1, 2013. However,
    the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP.
    *Id.*

1   past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C.

2   § 1915(b)(1), (4); *see Taylor*, 281 F.3d at 850. Thereafter, the institution having custody

3   of the prisoner must collect subsequent payments, assessed at 20% of the preceding

4   month's income, in any month in which the prisoner's account exceeds $10, and forward

5   those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C.

6   § 1915(b)(2).

7         While Plaintiff has filed a Motion to Proceed IFP in this matter pursuant to 28

8   U.S.C. § 1915(a), he has not attached a certified copy of his prison trust account

9   statement for the 6-month period immediately preceding the filing of his Complaint. *See*

10  28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2. Section 1915(a)(2) clearly mandates that

11  prisoners "seeking to bring a civil action ...without prepayment of fees ... *shall* submit

12  a certified copy of the trust fund account statement (or institutional equivalent) ... for the

13  6-month period immediately preceding the filing of the complaint." 28 U.S.C.

14  § 1915(a)(2) (emphasis added).

15        Without Plaintiff's trust account statement, the Court is simply unable to assess

16  the appropriate amount of the filing fee which is statutorily required to initiate the

17  prosecution of this action. *See* 28 U.S.C. § 1915(b)(1). Therefore, Plaintiff's Motion to

18  Proceed IFP (ECF Doc. No. 2) must be DENIED.

19                                    **II.**

20                       **MOTION FOR INJUNCTIVE RELIEF**

21        In addition to the injunctive relief requested in his Complaint seeking the return

22  of his wheelchair, *see* Compl. (ECF Doc. No. 1) at 17, Plaintiff has also submitted a

23  Motion for Injunctive Relief in which he requests the same pursuant to FED.R.CIV.P. 65

24  (ECF Doc. No. 3).

25  **A.    Legal Standard**

26        "A preliminary injunction is an extraordinary remedy never awarded as of right."

27  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citation

28  omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely

to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction "may only be awarded upon a clear showing that the plaintiff is entitled to relief." *See id.* at 22 (quotation omitted).

Pursuant to Federal Rule of Civil Procedure 65, an injunction "binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with [them]." FED.R.CIV.P. 65(d). In general, "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1985).

One "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916).

Moreover, "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction. A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean Marine Servs. Co. v. Baldridge*, 84 F.2d 668, 674 (9th Cir. 1988) (citations omitted).

### B. Application to Plaintiff's Case

Federal Rule of Civil Procedure 65 permits issuance of a preliminary injunction "only upon notice to the adverse party." FED.R.CIV.P. 65(a)(1). Here, Plaintiff has provided the Court with no proof of service upon any party. Moreover, because Plaintiff

1   has not been granted leave to proceed IFP, the Court has yet to determine whether the
2   allegations in his Complaint survive the initial screening required by 28 U.S.C.
3   § 1915(e)(2) and § 1915A. Therefore, Court-ordered service upon any Defendant by the
4   U.S. Marshal is premature. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3). Thus,
5   because no Defendant has yet to be served in this case, the Court simply enjoys no
6   personal jurisdiction over any party at this time.

7          In addition, even if this Court had personal jurisdiction over the parties Plaintiff
8   seeks to enjoin at this time, both his Complaint and his Motion for Injunctive Relief fail
9   to establish the imminent irreparable injury required to support a preliminary injunction.
10  *See Beardslee v. Woodford,* 395 F.3d 1064, 1067 (9th Cir. 2005). Where immediate
11  injunctive relief is sought based on claims that governmental actors or agencies have
12  violated the law in the past, as is the case here, Plaintiff must establish that the threat of
13  future or repeated injury is both "real and immediate," not just "conjectural" or
14  "hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).

15         Plaintiff alleges that since his transfer to RJD, Defendants have provided him
16  inadequate medical care by classifying him as a "D.P.O." inmate–meaning that despite
17  his medical condition, he is "capable of performing physical task[s]," and has the
18  "abilit[y] to do things" Plaintiff claims he is "unable to perform." Pl.'s Mot. at 2.
19  Plaintiff complains generally that while he has "on average submitted a CDCR 7362
20  "Health Care Services Request" 2-3 times per week, Defendants have yet to "fix his
21  lower back," have instead issued him a vest that reads "mobility impaired," and on
22  October 17, 2013, "took [his] wheelchair," on grounds that his medical condition no
23  longer required it. *Id.* at 4.

24         Plaintiff has not, however, shown how or why his situation poses a "real and
25  immediate" threat of irreparable harm. Merely "[s]peculative injury [that] does not
26  constitute irreparable injury [is] sufficient to warrant granting a preliminary injunction."
27  *Caribbean Marine Services Co.,* 844 F.2d at 674. "[I]njunctive relief is 'to be used
28  / / /

1 | sparingly, and only in a clear and plain case.'" *Gomez v. Vernon*, 255 F.3d 1118, 1128
2 | (9th Cir. 2001) (quoting *Rizzo v. Goode*, 423 U.S. 362, 378 (1976)).

3 | Finally, Plaintiff has also not demonstrated he is "likely to succeed on the merits"
4 | of either an Eighth Amendment inadequate medical care or retaliation claim.[2] *See*
5 | *Winter,* 555 U.S. at 20; *see also Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)
6 | (finding a mere difference of opinion between an inmate and prison medical personnel
7 | regarding appropriate medical diagnosis and treatment are not enough to establish the
8 | "deliberate indifference" required to support an Eighth Amendment violation); *Barnett*
9 | *v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam) (in order to support a claim
10 | of retaliation, prisoner must show: (1) he was retaliated against for exercising his
11 | constitutional rights, (2) the alleged retaliatory action "d[id] not advance legitimate
12 | penological goals, such as preserving institutional order and discipline," and (3) the
13 | defendants' actions harmed him).

14 | Thus, for all these reasons, the Court DENIES without prejudice Plaintiff's Motion
15 | for Injunctive Relief (ECF Doc. No. 3) pursuant to FED.R.CIV.P. 65.

16 | ### III.

17 | #### CONCLUSION AND ORDER

18 | For the reasons set forth above, **IT IS ORDERED** that:

19 | (1) Plaintiff's Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C.
20 | § 1915(a) (ECF Doc. No. 2) is **DENIED**;

21 |

---

22 | [2] In addition, the Court notes that while Plaintiff need not *allege* in his Complaint that he has exhausted all administrative remedies as are available pursuant to 42 U.S.C. § 1997e(a), *see Jones v. Bock*, 549 U.S. 199, 216 (2007) (concluding that the "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints."), it is patently unclear from the face of his pleading, the exhibits attached, and from an additional document he has filed entitled "Notice of Efforts to Exhaust" (ECF Doc. No. 6), whether all the claims raised in Plaintiff's Complaint have been fully exhausted prior to the initiation of this suit. *See* Compl. (ECF Doc. No. 1) at 16, 20 & Exs. B-G; Pl.'s Notice (ECF Doc. No. 6) at 5 ("Plaintiff is trying to exhaust, but can only do so when his appeal is returned to him. At this rate of response, Plaintiff can not be certain of when the exhaustion process will be completed."). However, "[t]he available remed[y] must be 'exhausted' *before* a complaint under § 1983 may be entertained." *McKinney v. Carey*, 311 F.3d 1198, 1199 (quoting *Booth v. Churner*, 523 U.S. 731, 738 (2001) (emphasis added)). "Exhaustion subsequent to the filing of suit will not suffice." *Id.*

1     (2)  Plaintiff's Motion for Injunctive Relief pursuant to FED.R.CIV.P. 65 (ECF
2  Doc. No. 3) is **DENIED**; and

3     (3)  This civil action is **DISMISSED** without prejudice for failure to prepay the
4  $400 filing fee mandated by 28 U.S.C. § 1914(a).

5      However, Plaintiff if **GRANTED** an additional forty five (45) days from the date
6  this Order is Filed to either: (1) pay the entire $400 filing fee, **or** (2) file a new Motion
7  to Proceed IFP, *which includes a certified copy of his trust account statement for the 6-*
8  *month period preceding the filing of his Complaint,* pursuant to 28 U.S.C. § 1915(a)(2)
9  and S.D. CAL. CIVLR 3.2(b).

10     **IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff
11  with a Court-approved form "Motion and Declaration in Support of Motion to Proceed
12  IFP" in this matter.  If Plaintiff neither pays the $400 filing fee in full nor sufficiently
13  completes and files the attached Motion to Proceed IFP, *together with a certified copy*
14  *of his prison trust account statement within 45 days*, this action shall remained dismissed
15  without prejudice for the reasons set forth above and without any further Order of the
16  Court.

18  DATED:  1/1/14

HON. WILLIAM Q. HAYES
United States District Judge