
FILED

14 APR 22 AM 11: 34

[U.S. DISTRICT COURT stamp]

OS

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ASBERRY, CDCR #P-63853,<br><br>                              Plaintiff,<br><br>vs.<br><br>MATTHEW CATE, Secretary; D. PARAMO, Warden; WALKER, Medical Doctor; SILVA, Medical Doctor; DENBELLA, Medical Doctor; CHOW, Medical Doctor; NEWTON, Medical Doctor; and JOHN DOE, Medical Doctor,<br><br>                              Defendants. | Civil No.   13cv2573 WQH (RBB)<br><br>**ORDER:**<br><br>**(1) RE-OPENING CIVIL ACTION**<br><br>**(2) GRANTING PLAINTIFF'S MOTION TO PROCEED** *IN FORMA PAUPERIS* **(ECF Doc. No. 10)**<br><br>**AND**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

      Tony Asberry ("Plaintiff"), an inmate currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.

      Plaintiff alleges prison officials at RJD have provided him with inadequate medical treatment in violation of the Eighth Amendment since he was transferred there in March 2012. *See* Compl. (ECF Doc. No. 1) at 4-14. Plaintiff further alleges that he

"believes ... RJD officials are [acting in] retaliation" for a previously-filed civil action and "602s." *Id.* at 14. Plaintiff seeks general and punitive damages as well as injunctive relief in the form of a court order directing Defendants to return his wheelchair. *Id.* at 17.

## I.   PROCEDURAL HISTORY

After he was denied leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) without prejudice on January 2, 2014, due to his failure to provide the trust account certificates required by § 1915(a)(2), and was granted 45 days in which to either file a new properly-supported IFP or to prepay the civil filing fee required by 29 U.S.C. § 1914 in its entirety (ECF Doc. No. 7), Plaintiff submitted a new Motion to Proceed IFP, dated February 13, 2014, and filed on February 19, 2014, which still fails to include the trust account documentation required by statute (ECF Doc. No. 10). Plaintiff contends he has submitted a request for the certified copies of his trust account statements to prison officials at RJD twice to no avail, and "believe that there is a coordinated effort ... to block [his] efforts," and "undermine [his] rights to challenge the conditions of his confinement." (*Id.* at 6.)

However, before the Court had a chance to consider his latest IFP Motion, Plaintiff submitted another document to the Clerk on March 20, 2014, which repeated his allegations of obstruction by RJD trust account officials, and concluded with a "request to appeal to the Ninth Circuit Court of Appeals." *See* ECF Doc. No. 11 at 3-4.

On April 15, 2014, the Ninth Circuit issued an Order remanding Plaintiff's Notice of Appeal "for the limited purpose of enabling the district court to consider whether, in light of [Plaintiff's] February 19, 2014 motion to proceed in forma pauperis, the district court would reopen the action or whether [Plaintiff's] filing raises a substantial issue pursuant to Federal Rule of Appellate Procedure 12.1(b)."[1] *See Asberry v. Cate, et al.*,

---

[1] Federal Rule of Appellate Procedure 12.1 governs "remand[s] after an indicative ruling by the district court on motion for relief that is barred by a pending appeal" and provides that "[i]f the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal." FED.R.APP.P. 12.1(b). "If the court of appeals remands but

9th Cir. No. 14-55476 (April 15, 2014 Order) (ECF Doc. No. 14) at *2. Thus, because the Ninth Circuit has remanded the matter for "an indicative ruling," this Court now has jurisdiction to determine whether the case may be re-opened in light of Plaintiff's February 19, 2014 Motion to Proceed IFP.

## II. INDICATIVE RULING AS TO PLAINTIFF'S RENEWED MOTION TO PROCEED IFP

As Plaintiff is aware, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a).[2] An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and is granted leave to proceed IFP, he nevertheless remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). It is from the certified trust account statement, that the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average

---

retains jurisdiction, the parties must promptly notify the circuit clerk when the district court has decided the motion on remand." *Id.*; *see also* FED.R.CIV.P. 62.1; *Cencich v. Miller-Stout*, 2013 WL 693209 at *1 & n.1 (W.D. Wash. 2013) (unpub.) (discussing FED.R.APP.P. 12.1 and noting that "[t]he Advisory Committee Notes to FED.R.CIV.P. 62.1 explain that the rule was adopted for the purposes of providing a clear procedure for district courts to follow whenever any motion is filed that the district court cannot grant because of a pending appeal.").

[2] In addition to the $350 statutory fee, all parties filing civil actions *on or after May 1, 2013*, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must thereafter collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his new IFP application, Plaintiff has again failed to provide the certified copies of his trust account statements as required by 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. However, because Plaintiff has declared under penalty of perjury that he is not employed at RJD, receives no payments from RJD, has no money or assets whatsoever, currently owes restitution, court costs, and fines, and he has attached photocopies of a CDCR 22 Inmate/Parolee Request which indicates two attempts, on January 16, 2014, and again on January 26, 2014, to obtain the trust account statements required by 28 U.S.C. § 1915(a)(2) from RJD trust account officials to no avail, the Court hereby re-opens Plaintiff's case and GRANTS his Motion to Proceed IFP (ECF Doc. No. 10). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

And while the Court can assess no initial filing fee under these circumstances, the full balance of the $350 total owed in this case shall be collected by the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

///

## III. INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) AND 1915A(b)(1)

Notwithstanding Plaintiff's IFP status, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in so doing, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

### A. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B. Respondeat Superior and Individual Liability

First, Plaintiff names Matthew Cate, the former Secretary of the CDCR, and D. Paramo, Warden of RJD, as Defendants. *See* Compl. at 1-2. However, his Complaint contains virtually no allegations that either of these individuals knew of or took any part in any constitutional violation. "Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Jones v. Cmty. Redev. Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

Plaintiff alleges only that both Cate and Paramo are "in charge" of the CDCR and "every facility at RJD" respectively. *See* Compl. at 2. Plaintiff's Complaint, however, includes no further detail as to what Cate or Paramo specifically did, or failed to do, which resulted in the violation of any constitutional right. *Iqbal*, 662 U.S. at 678 (noting that FED.R.CIV.P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

To the extent it appears Plaintiff seeks to sue former Secretary Cate and Warden Paramo only by virtue of their positions and their supervisory duties over other correctional or medical officials, in order to avoid the respondeat superior bar, his pleading must include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, and contain a description of personal acts by each individual defendant which show a direct causal connection to a violation of specific constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor is only liable for the constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and with deliberate indifference, failed to act to prevent them. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Taylor*, 880 F.2d at 1045. If there is no affirmative link between a defendant's conduct and the alleged injury, there is no deprivation of the plaintiff's constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 370 (1976).

As currently pleaded, Plaintiff's Complaint similarly lacks specific "factual content that allows the court to draw the reasonable inference" that either Cate or Paramo may be held personally liable for any misconduct, and thus it fails to "state a claim to relief [against either of them] that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556, 570). Instead, it appears Plaintiff seeks to sue Cate and

Paramo based on the positions they hold and not because of any individually identifiable conduct alleged to have caused him harm. "Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo*, 423 U.S. at 370-71). Therefore, Plaintiff has failed to state a claim against Cate and Paramo and his Complaint requires dismissal on this basis pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

### C. Inadequate Medical Care Claims

The remaining Defendants, Walker, Silva, Denbella, Chow, Newton, and John Doe, are all identified as doctors at RJD, and are alleged to have failed to provide Plaintiff with adequate medical treatment for a lower back injury after his arrival there on March 28, 2012. *See* Compl. at 2-4.

Specifically, Plaintiff claims that upon arrival, he was examined by Dr. Walker who provided him with a "mobility impaired" vest and issued him a "chrono" or medical authorization for wheelchair use. *Id.* at 4-5. Walker also advised Plaintiff to submit "7362 medical slips" if his lower back problems continued. *Id.* at 5. Plaintiff alleges that while he "was seen by Dr. Walker a few more times," each time complaining of lower back pain, Walker "did nothing to fix" him. *Id.*

Plaintiff alleges he was later examined by Defendant Doe "two to four times," but "received no treatment." *Id.* at 5-6. When he continued to submit medical request forms, he was seen by Dr. Denbella, who is also alleged to have also provided "no treatment of any kind," and to have told Plaintiff that if "he could not pay for his wheelchair, [he] would have to return it." *Id.* at 6.

Plaintiff continued to request treatment, however, and was later examined by Dr. Silva who "ordered MRI exams." *Id.* Plaintiff alleges these MRI results showed a

"miraculous recover[y]" and that "there was no longer any kind of injur[y]." *Id.* at 7. Silva advised Plaintiff to "stop submitting ... medical slips for his lower back," and "did not provide ... any treatment." *Id.*

On April 17, 2013, Plaintiff was placed in segregation ("Ad-Seg") for unspecified reasons, where he "continued to submit CDCR 7362 medical slips for his lower back injuries." *Id.* While in Ad-Seg, Plaintiff was examined by Dr. Chow who "ordered a (CT) scan and some nerve tests." *Id.*[3] Plaintiff was later examined by Dr. Newton, who suggested Plaintiff seek "psychological treatment," and also informed him "she was going to take his wheelchair." *Id.* at 8, 10. On October 17, 2013, Plaintiff received a CDC 1845 form, signed by Dr. Newton, revoking his wheelchair chrono. *Id.* at 12-13.

Plaintiff contends that he "has not experienced any miraculous recovery," and that he "is unable to walk any distance" due to pain which "shoot[s] down his leg." *Id.* at 13. He further admits that while he has "under[gone] at least (5) different MRI exams ... all on his lower back," has had "at least (7) X-rays," "a (CT) scan," and a "nerve test in [his] legs and back," Defendants have nevertheless failed to provide him adequate medical care because they have "done everything everything except fix [his] lower back." *Id.*

The government is obliged under the Eighth Amendment to provide medical care to incarcerated prisoners in its custody. *See e.g., Estelle v. Gamble*, 429 U.S. 97, 103 (1976). However, only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment." *Id.* at 104 (citation and internal quotation marks omitted).

"A determination of 'deliberate indifference' involves an examination of two elements: (1) the seriousness of the prisoner's medical need and (2) the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.

---

[3] Plaintiff also claims both Dr. Chow and Dr. Newton conducted unwelcomed and uncomfortable rectal exams after a colonoscopy revealed a growth which required removal in December 2012, and despite the fact that Plaintiff "was told he would not need another one for at least 5 to 10 years." *Id.* at 7, 10-11. Plaintiff's Complaint alleges only inadequate medical treatment related to his lower back, however; he does not appear to raise any additional Eighth Amendment violations related to his colonoscopy.

.

1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (citing *Estelle*, 429 U.S. at 104).

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), *citing Estelle*, 429 U.S. at 103-104. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 914 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.*, *citing Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990); *Hunt v. Dental Dept.*, 865 F.2d 198, 200-01 (9th Cir. 1989).

Plaintiff's allegations of chronic lower back injury and pain sufficient to compromise his ability to "walk any distance," are sufficient to show an objectively serious medical need. *See* Compl. at 13; *McGuckin*, 914 F.2d at 1059; *Garner v. Hazzard*, No. 06-CV-0985, 2008 WL 552872, at *6 (N.D. N.Y. Feb. 27, 2008) (holding that severe back pain, especially if long-lasting, can amount to a serious medical need). Thus, the Court finds, for purposes of screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, that Plaintiff has a serious medical requiring attention under the Eighth Amendment. *See McGuckin*, 974 F.2d at 1059.

However, even assuming Plaintiff's back pain was sufficiently objectively serious to invoke Eighth Amendment protection, he must also include in his pleading enough factual content to show that all the doctors who treated him and who he wishes to sue, acted with "deliberately indifference" to his needs. *Id.* at 1060; *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "This second prong–defendant's response to the need was deliberately indifferent–is satisfied by showing (a) a purposeful act or failure

to respond to [the] prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096. "Deliberate indifference is a high legal standard," and claims of medical malpractice or negligence are insufficient to establish a constitutional deprivation. *Simmons v. Navajo County*, 609 F.3d 1011, 1019 (9th Cir. 2010) (citing *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004)).

As currently pleaded, the Court finds none of Plaintiff's allegations as to Defendant Doctors Walker, Silva, Denbella, Chow, Newton, or Doe contain facts sufficient to show that they were deliberately indifferent to his plight by "knowing of and disregarding an[y] excessive risk to [Plaintiff's] health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Officials "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." *Id.* Specifically, then, Plaintiff must allege "factual content," *Iqbal*, 556 U.S. at 678, which demonstrates "(a) a purposeful act or failure to respond to [his] pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

Here, while Plaintiff repeatedly concludes he "received no treatment for his lower back injuries," *see* Compl. at 5, and accuses his doctors of failing to "fix" his back, *id.* at 5, 15, his pleading also shows he was examined by no fewer than six different doctors on at least eleven separate occasions, was provided with a mobility vest, permitted wheelchair use for more than a year, underwent "5 different MRIs," "7 x-rays," a CT scan, and had nerve-testing conducted all in response to his continued complaints of back pain. *Id.* at 4-8; 15. And while Plaintiff clearly disagrees with Defendants as to the results of his diagnostic tests and his doctors' assessments as to his continued need for a wheelchair, these disputes, without more, do not provide sufficient "factual content" to plausibly suggest that any Defendant acted with deliberate indifference by purposely

ignoring his pain or medical condition. *Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than the sheer possibility that a defendant has acted unlawfully."). "A difference of opinion between a physician and the prisoner–or between medical professionals–concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)); *Wilhelm*, 680 F.3d at 1122-23. Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Indeed, in *Estelle* the Supreme Court rejected a prisoner's Eighth Amendment claim that prison doctors should have done more by way of diagnosis and treatment after he injured his back, and emphasized that "the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment" and "does not represent cruel and unusual punishment." 429 U.S. at 107. The same is true in this case.

Accordingly, the Court finds that Plaintiff has failed to state an Eighth Amendment inadequate medical care claim against Defendants Walker, Silva, Denbella, Chow, Newton and Doe, and that these claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

**D.     Retaliation**

Finally, Plaintiff also alleges that he "believes ... the actions by the RJD[] officials are in retaliation for [his] civil action and 602's," *see* Compl. at 14, and mentions another civil law suit, filed in the Eastern District of California "relating to the cause of his lower back injuries." *Id.* at 8.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) [a]n assertion that a state actor took some adverse action against

an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *See, e.g., Resnick*, 213 F.3d at 449; *Barnett [v. Centoni]*, 31 F.3d [813] 815-16 [(9th Cir. 1994)]." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

As currently pleaded, Plaintiff's Complaint fails to include "sufficient factual matter" which identifies any particular adverse action was taken against him by any named Defendant *because* he exercised any constitutional right, *e.g.*, filed administrative grievances via the CDCR's Inmate/Appeal 602 process, or initiated another civil rights action in the Eastern District. *See Iqbal*, 556 U.S. at 678; *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (plaintiff must show that the protected conduct was a "substantial" or "motivating" factor in the defendant's decision to act); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977). Plaintiff has further fail to allege facts sufficient to show that any Defendant's actions failed to advance a legitimate correctional goal such as "preserving institutional order and discipline," *Barnett*, 31 F.3d at 815-16, and fails to allege that his First Amendment rights were in any way "chilled" as a result. *See Rhodes*, 408 F.3d at 568-69 (noting that while a prisoner need not show that "his speech was actually inhibited or suppressed," he must show the adverse action taken against him "would chill or silence a person of ordinary firmness from future First Amendment activities.") (internal quotation omitted).

Because Plaintiff is proceeding *in pro se*, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also grant him an opportunity to "effectively" amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).[4]

---

[4] In addition, the Court again notes, as it did in its January 2, 2014 Order, that while Plaintiff need not *allege* in his Complaint that he has exhausted all administrative remedies as are available pursuant to 42 U.S.C. § 1997e(a), *see Jones v. Bock*, 549 U.S. 199, 216 (2007) (concluding that the "failure to exhaust is an affirmative defense under the PLRA, and ... inmates are not required to specially plead or demonstrate exhaustion in their complaints."), it is patently unclear from the face of his pleading, the exhibits attached, and from an additional document he has filed entitled "Notice of Efforts to Exhaust" (ECF Doc. No. 6), whether all the claims

## IV. CONCLUSION AND ORDER

Good cause appearing, IT IS HEREBY ORDERED that:

1. This civil action is hereby re-opened, and Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 10) is GRANTED.

2. The Secretary of the California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Jeffrey A. Beard, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

IT IS FURTHER ORDERED that:

4. Plaintiff's Complaint is DISMISSED without prejudice for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is GRANTED forty five (45) days leave from the date this Order is entered into the Court's docket in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)

---

raised in Plaintiff's Complaint have been fully exhausted prior to the initiation of this suit. *See* Compl. (ECF Doc. No. 1) at 16, 20 & Exs. B-G; Pl.'s Notice (ECF Doc. No. 6) at 5 ("Plaintiff is trying to exhaust, but can only do so when his appeal is returned to him. At this rate of response, Plaintiff can not be certain of when the exhaustion process will be completed."). While the Court is not dismissing Plaintiff's Complaint on this basis, he is hereby advised that all "available remedies must be 'exhausted' *before* a complaint under § 1983 may be entertained," and that "[e]xhaustion subsequent to the filing of suit will not suffice." *McKinney v. Carey*, 311 F.3d 1198, 1199 (quoting *Booth v. Churner*, 523 U.S. 731, 738 (2001) (emphasis added)).

1  (citation omitted) ("All causes of action alleged in an original complaint which are not
2  alleged in an amended complaint are waived.").

3        Should Plaintiff fail to file an Amended Complaint within the time provided, the
4  Court shall enter a final order dismissing this civil action without prejudice based on
5  Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C.
6  § 1915(e)(2) and § 1915A(b).

7      5.    **The Clerk of this Court shall serve a copy of this Order upon the Clerk**
8  **of the United States Court of Appeals for the Ninth Circuit for filing in reference**
9  **to its April 15, 2014 Order of remand in Appeal Case No. 14-55476, as soon as**
10  **practicable**.

12  DATED: 4/17/14

                                       HON. WILLIAM Q. HAYES
                                       United States District Judge