UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ASHBERRY,<br>CDCR #P-63853,<br><br>            Plaintiff,<br><br>vs.<br><br>MATTHEW CATE, et al.,<br><br>            Defendants. | Case No.   13cv2573 WQH (JLB)<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)(ii) AND 1915A(b)(1) AND FOR FAILING TO COMPLY WITH COURT ORDER REQUIRING AMENDMENT** |

Tony Asberry ("Plaintiff"), a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California is proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983.

## I.

### PROCEDURAL HISTORY

In his original Complaint, Plaintiff alleged various RJD officials violated his Eighth Amendment right to be free from cruel and unusual punishment by providing him inadequate medical care after he was transferred there in March 2012 from California State Prison-Sacramento. Plaintiff further alleged RJD officials did so in retaliation for his having filed CDC 602 inmate appeals and a prior civil rights action

related to his medical care in the Eastern District of California. *See* Compl. (Doc. No. 1) at 2-14.

On April 22, 2014, the Court granted Plaintiff's Motion to Proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), but simultaneously dismissed his Complaint sua sponte for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A(b) (Doc. No. 15). Specifically, the Court dismissed Plaintiff's claims against Defendants Cate and Paramo because his pleading "contain[ed] virtually no allegation that either of [them] knew of or took any part" in personally causing him constitutional injury. *Id.* at 6-8. The Court further found that while Plaintiff's allegations of chronic lower back pain were sufficiently pleaded to show an "objectively serious medical need" under the Eighth Amendment, *id.* at 10, he failed to allege further facts to show that Defendants Walker, Silva, Denbella, Chow, Newton, or Doe, acted with deliberate indifference to that need. *Id.* at 11-12. Finally, the Court found Plaintiff's allegations of retaliation also failed to state a claim because his Complaint did not contain sufficient factual matter to show any named defendant took adverse action against him because he exercised a constitutional right, that their actions failed to advance a legitimate correctional goal, or that his First Amendment rights were in any way chilled as a result. *Id.* at 12-13. Plaintiff was granted leave to file an Amended Complaint to correct these deficiencies, and cautioned that because an amended pleading supersedes the original, any claims not re-alleged would be considered waived. *Id.* at 13-14.

On June 11, 2014, Plaintiff submitted a First Amended Complaint which deleted reference to Defendants Cate, Denbella, and John Doe, Medical Doctor, but which re-alleged his Eighth Amendment claims against previously-named Defendants Walker, Silva, Chow, and Newton, and alleged additional access to courts claims against newly added Defendants Beard, Benyard, Allemby, Rutledge, Hernandez, Toledo, Godinez, Morales, Taylor, and unidentified Jane and John Does (Doc. No. 24).

///

1 On June 17, 2014, Plaintiff also filed a Motion for Preliminary Injunctive Relief (Doc. No. 26) related to a "new" policy in RJD Fac-B Building 6, which he described as a "campaign directed at keeping him awake." *Id.* at 8. On June 26, 2014, Plaintiff also filed a Motion requesting court-ordered "physical library use" (Doc. No. 29).

In the interim, on June 24, 2014, Plaintiff filed a Notice indicating his desire to file a Second Amended Complaint (Doc. No. 27), based on claims that he "never received" the Court's April 22, 2014 Order dismissing his original complaint for failing to state a claim, and therefore, he did not have the "opportunity to correct his mistake[s]" when he filed his First Amended Complaint. *Id.* at 2. Therefore, when on June 30, 2014, Plaintiff submitted a Second Amended Complaint (Doc. No. 31), the Court accepted it for filing as the operative pleading in light of the liberality required by FED.R.CIV.P. 15, Plaintiff's pro se status, and his claims of non-receipt as alleged in his June 24, 2014 Notice.[1] *See* FED.R.CIV.P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) ("Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.") (internal quotation omitted); *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (applying Rule 15's leave to amend standards "even more liberally to pro se litigants.").

On August 12, 2014, the Court denied Plaintiff's Motions for library use and for injunctive relief, and sua sponte dismissed his Second Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *See* Aug. 12, 2014 Order (ECF Doc. No. 34). Specifically, the Court found that Plaintiff's Second Amended Complaint continued failed to state an Eighth Amendment inadequate medical care claim as to

---

[1] The Court's docket indicated that its April 22, 2014 Order (Doc. No. 15), *was* served upon Plaintiff by mail at the address currently listed in the docket, and was *not* returned as undeliverable by the United States Post Office. *See In re Bucknum,* 951 F.2d 204, 207 (9th Cir. 1991) ("Mail that is properly addressed, stamped, and deposited into the mail is presumed to be received by the addressee . . . The presumption can only be overcome by clear and convincing evidence that the mailing was not, in fact, accomplished."); *see also Nunley v. City of Los Angeles*, 52 F.3d 792, 796 (9th Cir. 1995) (noting that where court's docket included notations that a judgment was mailed and not returned by the post office, its receipt may be assumed).

1  Defendants Paramo, Beard, Walker, Silva, Chow, and Newton, and therefore, found
2  further amendment as to those claims futile. *Id.* at 5-9, 16.  The Court also found
3  Plaintiff's Second Amended Complaint failed to state an access to courts claim against
4  Defendants Benyard, Allemby, Rutledge, Hernandez, Toledo, Godinez, Morales, and
5  Taylor, but granted him forty-five days leave in which to file a Third Amended
6  Complaint which addressed the deficiencies of pleading identified as to those claims
7  and as to those defendants only.[2]  *Id.* at 9-13, 17.  Plaintiff was cautioned, however,
8  that "should his Third Amended Complaint still fail to state an access to courts claim
9  upon which relief may be granted, or should he otherwise fail to comply with [the
10 Court's] Order, his civil action w[ould] be dismissed in its entirety, without further
11 leave to amend, and [might] hereafter be counted as a "strike" against him pursuant to
12 28 U.S.C. § 1915(g)."  *Id.* at 18 n.6.

13    More than a month has passed since Plaintiff's Third Amended Complaint was
14 due; however, he has not filed a Third Amended Complaint.  In addition, because
15 Plaintiff has previously alleged to have not received mail issued by the Court in this
16 case, it notes the docket reflects a copy of its August 12, 2014 Order *was* delivered by
17 U.S. Mail to Plaintiff at the following address: Tony Asberry, P-63853, RJ Donovan
18 Correctional Facility, PO Box 799003, San Diego, CA 92179, on the same day, and
19 that it, like all previous Orders issued in this case, has not been returned as
20 undeliverable (Doc. No. 34).  *See In re Bucknum*, 951 F.2d at 207; *Nunley*, 52 F.3d at
21 796.
22 / / /
23 / / /
24 / / /

---

26  [2] Because Plaintiff's Second Amended Complaint failed to included previously named Defendants Cate and Denbella as parties, the Court noted any purported claim as to them was considered waived. *See* Aug. 12, 2014 Order (ECF Doc. No. 34) at 6 n.3 (citing *King v. Atiyeh*, 814 F.2 565, 567 (9th Cir, 1987)).  The Court further dismissed all unidentified Doe Defendants based on Plaintiff's failure to allege any plausible claim for relief against them.  *Id.* at 13-14, 17.

## II.

## Conclusion and Order

Accordingly, because Plaintiff has failed to comply with the Court's August 12, 2014 Order directing him to file a Third Amended Complaint within 45 days, it hereby DISMISSES this civil action without prejudice for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and for failing to comply with a Court Order.

The Clerk is directed to enter a judgment of dismissal without prejudice and close the case.

**IT IS SO ORDERED.**

DATED: October 28, 2014

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge