# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ASBERRY, CDCR #P-63853,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>JEFFREY BEARD, et al.,<br><br>　　　　　　　　Defendants. | Civil No.　13cv2573 WQH (JLB)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Preliminary Injunction filed by Plaintiff Tony Asberry. (ECF No. 38).

**I. Background**

On October 23, 2013, Plaintiff commenced this action by filing a Complaint in this Court, along with a motion to proceed *in forma pauperis* ("IFP") and a motion for injunctive relief. (ECF Nos. 1-3). In the Complaint, Plaintiff alleged various Richard J. Donovan Correctional Facility ("RJD") officials violated his Eighth Amendment right to be free from cruel and unusual punishment by providing him inadequate medical care after he was transferred to RJD in March 2012 from California State Prison-Sacramento. Plaintiff further alleged RJD officials did so in retaliation for his having filed CDC 602 inmate appeals and a prior civil rights action related to his medical care in the Eastern

District of California.

On April 22, 2014, the Court granted Plaintiff's motion to proceed IFP pursuant to 28 U.S.C. § 1915(a), but simultaneously dismissed his Complaint sua sponte for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A(b) and denied the motion for injunctive relief. (ECF No. 15). Specifically, the Court dismissed Plaintiff's claims against Defendants Cate and Paramo because his pleading "contain[ed] virtually no allegation that either of [them] knew of or took any part" in personally causing him constitutional injury. *Id.* at 6-8. The Court further found that while Plaintiff's allegations of chronic lower back pain were sufficiently pleaded to show an "objectively serious medical need" under the Eighth Amendment, *id.* at 10, he failed to allege further facts to show that Defendants Walker, Silva, Denbella, Chow, Newton, or Doe acted with deliberate indifference to his need. *Id.* at 11-12. Finally, the Court found Plaintiff's allegations of retaliation also failed to state a claim because his Complaint did not contain sufficient factual matter to show: (1) that any named defendant took adverse action against him because he exercised a constitutional right, (2) that defendants' actions failed to advance a legitimate correctional goal, or (3) that his First Amendment rights were in any way chilled as a result. *Id.* at 12-13. Plaintiff was granted leave to file an amended complaint to correct these deficiencies, and cautioned that any claims not re-alleged would be considered waived because an amended pleading supersedes the original. *Id.* at 13-14.

On June 11, 2014, Plaintiff submitted a First Amended Complaint which deleted reference to Defendants Cate, Denbella, and John Doe, Medical Doctor, and re-alleged his Eighth Amendment claims against previously-named Defendants Walker, Silva, Chow, and Newton, and alleged additional access to courts claims against newly added Defendants Beard, Benyard, Allemby, Rutledge, Hernandez, Toledo, Godinez, Morales, Taylor, and unidentified Jane and John Does. (ECF No. 24).

On June 17, 2014, Plaintiff filed a Motion for Preliminary Injunctive Relief related to a "new" policy in RJD Fac-B Building 6, which he described as a "campaign directed

at keeping him awake." (ECF No. 26 at 8). On June 26, 2014, Plaintiff also filed a motion requesting court-ordered "physical library use" (ECF No. 28).

In the interim, on June 24, 2014, Plaintiff filed a Notice indicating his desire to file a Second Amended Complaint, based on the contention that he "never received" the Court's April 22, 2014 Order dismissing his original complaint for failing to state a claim, and therefore, he did not have the "opportunity to correct his mistake[s]" when he filed his First Amended Complaint. (ECF No. 27 at 2). On June 30, 2014, Plaintiff submitted a Second Amended Complaint, and the Court accepted it for filing as the operative pleading in light of the liberality required by Federal Rule of Civil Procedure 15, Plaintiff's pro se status, and his claims of non-receipt as alleged in his June 24, 2014 Notice.[1] (ECF No. 31); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) ("Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.") (internal quotation omitted); *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (applying Rule 15's leave to amend standards "even more liberally to pro se litigants.").

On August 12, 2014, the Court denied Plaintiff's motions for library use and for injunctive relief, and sua sponte dismissed Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (ECF No. 34). Specifically, the Court found that Plaintiff's Second Amended Complaint again failed to state an Eighth Amendment inadequate medical care claim as to Defendants Paramo, Beard, Walker, Silva, Chow, and Newton, and therefore, found further amendment as to those claims futile. *Id.* at 5-9, 16. The Court also found Plaintiff's Second Amended

---

[1] The Court's docket indicated that its April 22, 2014 Order (ECF No. 15), *was* served upon Plaintiff by mail at the address currently listed in the docket, and was *not* returned as undeliverable by the United States Post Office. *See In re Bucknum,* 951 F.2d 204, 207 (9th Cir. 1991) ("Mail that is properly addressed, stamped, and deposited into the mail is presumed to be received by the addressee . . . The presumption can only be overcome by clear and convincing evidence that the mailing was not, in fact, accomplished."); *see also Nunley v. City of Los Angeles*, 52 F.3d 792, 796 (9th Cir. 1995) (noting that where court's docket included notations that a judgment was mailed and not returned by the post office, its receipt may be assumed).

Complaint failed to state an access to courts claim against Defendants Benyard, Allemby, Rutledge, Hernandez, Toledo, Godinez, Morales, and Taylor, but granted him forty-five days leave in which to file a Third Amended Complaint which addressed the deficiencies of pleading identified as to those claims and as to those defendants only.[2] *Id.* at 9-13, 17. Plaintiff was cautioned, however, that "should his Third Amended Complaint still fail to state an access to courts claim upon which relief may be granted, or should he otherwise fail to comply with [the Court's] Order, his civil action w[ould] be dismissed in its entirety, without further leave to amend, and [might] hereafter be counted as a "strike" against him pursuant to 28 U.S.C. § 1915(g)." *Id.* at 18 n.6.

On October 28, 2014, the Court issued an order dismissing this case without prejudice for failure to file a Third Amended Complaint within forty-five days of the Court's August 12, 2014 Order and for failing to state a claim pursuant to 28 U.S.C. sections 1915(e)(2)(B)(ii) and 1915A(b)(1). (ECF No. 35). On October 29, 2014, the Clerk of the Court entered judgment of dismissal without prejudice. (ECF No. 36).

On December 2, 2014, Plaintiff filed the Motion for Preliminary Injunction. (ECF No. 38).

**II. Discussion**

To date, Plaintiff has not filed a Third Amended Complaint in this case. Because Plaintiff did not file a Third Amended Complaint within the time ordered by the Court on August 12, 2014, the Court dismissed this case without prejudice on October 28, 2014 and judgment was entered on October 29, 2014. (ECF Nos. 34-36). Since that time, Plaintiff has not filed a motion to reopen the case or a motion for leave to file a Third Amended Complaint. Because this case has been dismissed, Plaintiff's Motion for Preliminary Injunction is denied.

---

[2] Because Plaintiff's Second Amended Complaint failed to included previously named Defendants Cate and Denbella as parties, the Court noted any purported claim as to them was considered waived. *See* ECF Doc. No. 34 at 6 n.3 (citing *King v. Atiyeh*, 814 F.2 565, 567 (9th Cir, 1987)). The Court further dismissed all unidentified Doe Defendants based on Plaintiff's failure to allege any plausible claim for relief against them. *Id.* at 13-14, 17.

### III. Conclusion

IT IS HEREBY ORDERED that the Motion for Preliminary Injunction (ECF No. 38) is DENIED.

DATED: December 22, 2014

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge